JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-05754 PA (KESx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Stephan Luna, et al. v. Air Culinaire Worldwide, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **IN CHAMBERS — COURT ORDER**

Before the Court is a Notice of Removal filed by defendant Air Culinaire Worldwide, LLC ("Defendant"). (Dkt. No. 1 ("Removal").) Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiffs Stephan Luna and Joe Atia ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.")

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-05754 PA (KESx) | Date | June 30, 2020 |
|---|---|---|---|
| Title | Stephan Luna, et al. v. Air Culinaire Worldwide, LLC | | |

The Notice of Removal alleges "Stephen Luna is a resident of California and is domiciled in California, and therefore, is a citizen of the State of California." (Removal ¶ 4.) "Joel Atia is a resident of California and is domiciled in California, and is therefore a citizen of the State of California." (Id.) In support of Defendant's claims that Stephen Luna and Joel Atia are citizens of California, Defendant cites Plaintiffs' Complaint. Plaintiffs' Complaint states "Plaintiff Luna is . . . an individual residing in the County of Los Angeles." (Removal Ex. 1 ¶ 1.). Plaintiffs' Complaint further states "Plaintiff Atia is . . . . an individual residing in the County of Los Angeles." (Id. ¶ 2.) Because an individual is not necessarily domiciled where he or she resides, Plaintiffs' statements that they are residents of Los Angeles are insufficient to establish Plaintiffs' citizenship. Defendant also relies on the declaration of Cliff Smith, who states that "[a]ccording to . . . payroll records, Plaintiff Luna was at all times during his employment . . . a resident of the State of California," and "Plaintiff Atia was at all times during his employment . . . a resident of the State of California." (Removal, Ex. 7, ¶¶ 9, 12.) Again, the fact that Plaintiffs resided in California during their employment is insufficient to establish Plaintiffs' citizenship.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963). As a result, Defendant's allegations related to Plaintiffs' citizenship are insufficient to invoke this Court's diversity jurisdiction.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Los Angeles County Superior Court, Case No. 20STCV17514, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.